UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANE DOE, <br><br> Plaintiff, <br><br> v. <br><br> CITY OF BERKELEY, et al., <br><br> Defendants. | Case No. 19-cv-02024-SI <br><br> **ORDER GRANTING DEFENDANTS' MOTION TO DISMISS WITH LEAVE TO AMEND** <br><br> Re: Dkt. No. 10 |

Before the Court is a motion to dismiss plaintiff's complaint filed by defendant City of Berkeley. Plaintiff claims her rights under § 504 of the Rehabilitation Act and the Americans with Disabilities Act ("ADA") were violated when she received a citation from defendant City of Berkeley and her car was towed by defendant Berry Brothers Towing Company. Pursuant to Civil Local Rule 7-1(b), the Court finds this matter appropriate for resolution without oral argument and VACATES the hearing set for August 23, 2019. The Court GRANTS defendant's motion to dismiss with leave to amend.

**BACKGROUND**

On March 29, 2019, plaintiff, Jane Doe, filed her complaint in Alameda County Superior Court. Dkt. No. 1-1. On April 15, 2019, defendant City of Berkeley removed the action to this Court. Dkt. No. 1.

The complaint alleges that plaintiff's rights under § 504 of the Rehabilitation Act were violated when (1) the City of Berkeley issued a citation for Jane Doe's car being parked for more

than 72 hours and (2) defendant Berry Brothers Towing Company towed her car. Dkt. No. 1-1 ¶5. The complaint also alleges plaintiffs' rights under the ADA were violated because Jane Doe does not have "full and equal access to public roads and use of her car by the wrongful towing of her car." Dkt. No. 1-1 ¶ 6. The complaint fails to include any identifying information for Jane Doe and does not include any details regarding Jane Doe's alleged disability.

**LEGAL STANDARD**

Under Federal Rule of Civil Procedure 12(b)(6), a district court must dismiss a complaint if it fails to state a claim upon which relief can be granted. To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). This "facial plausibility" standard requires the plaintiff to allege facts that add up to "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). While courts do not require "heightened fact pleading of specifics," a plaintiff must allege facts sufficient to "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555, 570.

In deciding whether the plaintiff has stated a claim upon which relief can be granted, the Court must assume that the plaintiff's allegations are true and must draw all reasonable inferences in the plaintiff's favor. *See Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987). However, the court is not required to accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008).

Pro se complaints are held to "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Where a plaintiff is proceeding pro se, the Court has an obligation to "construe the pleadings liberally and to afford the [plaintiff] the benefit of any doubt." *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985) (en banc). However, pro se pleadings must still allege facts sufficient to allow a reviewing court to determine whether a claim has been stated. *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982). If the Court dismisses the complaint, it must then decide whether to grant leave to amend.

**DISCUSSION**

**I.   Plaintiff's ADA & Rehabilitation Act Claims**

To state a claim under Title II of the ADA, a plaintiff must allege: (1) she is an individual with a disability; (2) she is otherwise qualified to participate in or receive the benefit of some public entity's services, programs, or activities; (3) she was either excluded from participation in or denied the benefits of the public entity's services, programs, or activities, or was otherwise discriminated against by the public entity; and (4) such exclusion, denial of benefits, or discrimination was by reason of her disability. *O'Guinn v. Lovelock Corr. Ctr.*, 502 F.3d 1056, 1058 (9th Cir. 2007).

Similarly, to state a claim under the Rehabilitation Act, a plaintiff must allege: (1) she is an individual with a disability; (2) she is otherwise qualified to receive the benefit; (3) she was denied the benefits of the program solely by reason of her disability; and (4) the program receives federal financial assistance. *Id.*

Plaintiff's ADA and Rehabilitation Act claims fail for several reasons. First, plaintiff has not established that she is disabled. Rather, she summarily states she is a "person with a disability who owns a car." Dkt. No. 1-1 ¶ 3. This unsupported statement is not enough.

Second, even if Jane Doe had established she is disabled, her complaint does not establish a nexus between her disability and the wrongfulness of both the citation and the towing of her vehicle. Jane Doe alleges the City of Berkeley "wrongfully issued a citation" for her "car being parked more than 72 hours in the same spot." Dkt. No. 1-1 ¶ 5. But Jane Doe does not say why it was wrongful for the citation to be issued *because of her disability*. Indeed, Jane Doe does not give any specifics whatsoever – including the date, specific location of her vehicle, etc.[1]

Third, Jane Doe alleges she does not have "full and equal access to public roads and use of her car" because it was wrongfully towed in violation of her rights. Dkt. No. 1-1 ¶ 6. However, no

---

[1] Jane Doe submitted a proposed amended complaint with her opposition to the motion to dismiss. Dkt. No. 19. The proposed amended complaint provides information that speaks to the Court's second point above, regarding the nexus between her alleged disability and why it was wrongful for the citation to be issued. However, the proposed complaint is still deficient because it (1) does not identify plaintiff using her real name and contact information and (2) does not provide any information regarding her disability.

3

facts are alleged to demonstrate that Jane Doe was denied access to public roads *because of her disability*.

## II. Plaintiff May Not Sue Under A Fictitious Name

"To determine whether to allow a party to proceed anonymously when the opposing party has objected, a district court must balance five factors: (1) the severity of the threatened harm, (2) the reasonableness of the anonymous party's fears, . . . (3) the anonymous party's vulnerability to such retaliation, (4) the prejudice to the opposing party, and (5) the public interest." *Doe v. Kamehameha Sch.*, 596 F.3d 1036, 1042 (9th Cir. 2010). "The normal presumption in litigation is that parties must use their real names." *Id.*; Fed. R. Civ. P. 10(a) (every complaint "must name all parties…"). The Ninth Circuit has held that "a party may preserve his or her anonymity in judicial proceedings in special circumstances when the party's need for anonymity outweighs prejudice to the opposing party and the public's interest in knowing the party's identity." *Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1068 (9th Cir. 2000).

In the instant action, Jane Doe has not provided any justification to proceed anonymously. Further, the facts of the case do not implicate such a need. Defendants and the public have a right to know who is bringing suit and not knowing plaintiff's name would severely, if not entirely, prejudice defendants with respect to discovery.

## CONCLUSION

For the reasons stated above, defendant City of Berkeley's motion is GRANTED and plaintiff's motion is DISMISSED with leave to amend in accordance with the guidance set out in this order. Any amended complaint must be filed under plaintiff's actual name, and must be filed on or before August 1, 2019.

**IT IS SO ORDERED**.

Dated: July 15, 2019

_____
SUSAN ILLSTON
United States District Judge

4